IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARLO MARQUEZ,

    Plaintiff,

vs.                                         Civ. No. 01-445 WWD/LFG

THE CITY OF ALBUQUERQUE, OFFICER
ANDREW LEHOCKEY (both in his official
capacity as a police officer and individually),

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendant Lehocky's opposed "Motion in Limine No. II: Exclusion of Evidence Regarding Police Standard Operating Procedures and Training and Less Intrusive Alternatives to the Use of a Police Service Dog" (Docket No. 122) and his "Motion in Limine No. III: Exclusion of the Testimony of Plaintiff's 'Police Procedures' Expert, George Kirkham" (Docket No.124).

Background

    This case involves a claim by a fleeing female arrestee that excessive force was used in her arrest when a police service dog ("PSD") was sent after her at the time of the arrest.[1] Prior to her arrest Plaintiff had been a passenger in an automobile which the police had been informed was

---

[1] There is a dispute as to whether she was fleeing on foot at the time of her apprehension.

1

involved in the theft by two men of a television set from another woman's apartment. The license number of the automobile was the same as had been reported to the police, and the car in question was stopped after a high speed chase by police. Kirkham would testify that in his opinion that the deployment of a PSD was "an extreme violation of well established law enforcement standards with respect to the use of force on the part of Officer Lehockey in the instant case...." This opinion is based on Kirkham's review of the "police reports, Initial Pre-Trial Report, photographs of injuries to Marquez, the location where the apprehension took place and Albuquerque Police Department Procedural Orders Regarding Use of Canine Unit." Def.'s Mem. in Support of Mot. in Limine No. III at 2.

Discussion

Graham v. Connor, 490 U.S. 386 (1989) clearly establishes the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under "objective standards of reasonableness." These objective standards require an inquiry into the facts and circumstances of a particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and whether the suspect was actively resisting arrest or attempting to flee. Id. at 396. The fact that Lehocky's conduct may not have conformed with police regulations or operating procedures does not operate to create constitutional liability under Section 1983. Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995) (citing Davis v. Scherer, 468 U.S. 183, 194 (1984)), abrogation on other grounds recognized, Stuart v. Jackson, 24 Fed. Appx. 943, 954 (10th Cir. 2001). Moreover, "the reasonableness standard does not require that officers use alternative less intrusive means." Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (citing Illinois v. Lafayette, 462 U.S. 640, 647-48 (1983)) (internal quotations omitted).

Plaintiff's expert Kirkham proposes to testify as to the propriety or impropriety of the use of a PSD, based on police standards and procedures. Plaintiff suggests that without Kirkham's testimony, the jury will be operating in a vacuum. However, I reject the idea that a group of citizens on a jury operate in a vacuum and that they lack the life experience and common sense to consider the facts and circumstances and determine whether the actions taken by Lehocky were "objectively reasonably." Thus, I find Kirkham's testimony, to the extent that he expresses an opinion regarding the "reasonableness" of Lehocky's actions, is not useful to the trier of fact.

Moreover, I find that permitting expert testimony regarding alternative methods of apprehending the Plaintiff, particularly when that testimony is buttressed by reference to standards and regulations that do not describe the applicable standard, risks misleading and confusing the jury. Introducing evidence of police regulations, operating procedures or directives would provide an "anchor" or serve to "frame" practices which the jury would likely use to determine what is "objectively reasonable."[2] See, e.g., Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (noting that consideration of an expert's opinion regarding less intrusive alternatives "evaluat[es] the officers' conduct from the 20/20 perspective of hindsight rather than from the perspective of an officer making split-second judgments on the scene").

Finally, the admission of Kirkham's testimony on less intrusive alternatives and evidence of police standards and procedures would require this Court to issue a limiting instruction to the jury with respect to the use of such evidence. However, in light of its dubious relevance, and given the risk of confusing and misleading the jury, I find that issuing a limiting instruction is a

---

[2] This is more likely to occur if, as Plaintiff suggests, the jury would be operating in a vacuum.

poor alternative to excluding such evidence.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Lehocky's opposed "Motion in Limine No. II: Exclusion of Evidence Regarding Police Standard Operating Procedures and Training and Less Intrusive Alternatives to the Use of a Police Service Dog" (Docket No. 122) and his "Motion in Limine No. III: Exclusion of the Testimony of Plaintiff's 'Police Procedures' Expert, George Kirkham" (Docket No.124) be, and they are hereby, **GRANTED.**

_____
UNITED STATES MAGISTRATE JUDGE